MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 13-0028 CW |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER OF DETENTION |
| CORY BUTLER, | ) |
| Defendant. | ) |

    The defendant Cory Butler came before the Court on October 16, 2013 for a detention hearing. The defendant was present and represented by his attorney Paul Wolf. Assistant United States Attorney Kevin Barry represented the United States. The defendant is charged in an Indictment with conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, possession with intent to distribute controlled substances, in violation of Title 21, United Sates Code, Section 841(a)(1), and identity theft, in violation of Title 18, United States Code, Section 1028(a)(7).

    Relying in part on the fact that there is a presumption in favor of detention in cases such as these, the government requested detention, submitting that no condition or combination of conditions would

ORDER OF DETENTION
CR 13-0028 CW, United States v. Cory Butler

reasonably assure the appearance of the defendant as required and the safety of the community. Upon consideration of the pre-bail report prepared by Pretrial Services and the party proffers, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court orders the defendant detained pending the resolution of this case.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

1. the nature and seriousness of the offense charged;
2. the weight of the evidence against the person;
3. the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and
4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §3142(g).

In assessing these factors, the Court has considered the arguments of the parties, the pre-bail study on the defendant prepared by United States Pretrial Services, and the record, including the related case in this district of *United States v. Cory Butler*, CR 11-0094 CW – in particular, the Form 12 petition alleging violations of the terms of the defendant's supervised release in that case. Although the Court has considered each of the factors enumerated in 18 U.S.C. § 3142(g), the primary issue the parties addressed during the detention hearing and in the pre-bail report prepared by Pretrial Services was the defendant's history and characteristics.

The defendant has an extensive criminal history, dating back to 1991, and he has numerous felony convictions, including drug offenses. Most recently, the defendant was convicted of the sale of cocaine and conspiracy to distribute narcotics, an offense for which he was sentenced to a term of 170

months in prison and eight years of supervised release.

History is not destiny, however, and the defendant presented some evidence of self-improvement during his incarceration, such as completion of the RDAP program and completion of an anger management program.

At the same time, however, the Court is troubled by the fact that soon after his release from custody for the most recent of his convictions, the defendant violated the terms of his supervised release. The Form 12 addressing those violations presented the same conduct alleged in the current indictment – attempt to obtain narcotics through a fraudulent prescription. The Form 12 also alleged other technical violations, such as unauthorized travel outside the district. Although the defendant did not admit the allegation that he participated in an effort to obtain drugs through a fake prescription, he did admit to unauthorized travel, and the sentencing judge imposed a lengthy term of imprisonment as a result.

As shown by the return of the indictment and the filing for the Form 12, there is probable cause to believe that the defendant committed a crime related to drugs shortly after his release from a lengthy term of imprisonment for similar conduct and shortly after the commencement of his term of supervised release. At this time, the Court does not believe that any condition or combination of conditions can be imposed that would reasonably assure that the defendant would not continue to engage in criminal conduct. Because trafficking in drugs presents a danger to the community, the Court orders the defendant detained pending trial.

After hearing the proffers of both parties and considering the pre-bail report by Pretrial Services, the Court finds by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community. The Court has considered all of the facts and proffers presented at the hearing and in Pretrial Services' pre-bail report, and it finds the fact that the defendant's continued criminal conduct while on supervised release among the most compelling factors in reaching its conclusion that no combination of conditions could reasonably assure the community's safety.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with his

ORDER OF DETENTION
CR 13-0028 CW, United States v. Cory Butler

1  counsel; and

2        3.    On order of a court of the United States or on request of an attorney for the government,

3  the person in charge of the corrections facility in which the defendant is confined shall deliver the

4  defendant to an authorized Deputy United States Marshal for the purpose of any appearance in

5  connection with a court proceeding.

7        IT IS SO ORDERED.

9  Dated: 10/21/2013

                                            HON. DONNA M. RYU
United States Magistrate Judge

ORDER OF DETENTION
CR 13-0028 CW, United States v. Cory Butler